USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 22, 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DONNA LEVY and
DAVID LEVY,

        Defendants.

S5 11 Cr. 62 (PAC)

**ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

On February 14, 2013, the Government filed its pretrial motions concerning the admission of certain evidentiary items. After receiving Defendants' opposition, the Government withdrew its motion with respect to all evidentiary issues, except evidence of Defendants' prior fraudulent mass marketing scheme relating to the procurement of college scholarships. Almost two decades ago, the Federal Trade Commission ("FTC") instituted civil fraud charges and obtained a judgment against Defendants in the United States District Court for the Northern District of Georgia (the "FTC fraud"). The Government proposes that evidence relating to the FTC's allegations and judgment be admitted both as direct evidence of Mr. Levy's misrepresentations regarding the FTC judgment to business partners as part of the fraud charged here, and pursuant to Federal Rule of Evidence 404(b) as background evidence of the charged conspiracy or as proof of knowledge, intent, or lack of mistake.[1] At oral argument on February 21, 2013, the Court denied the Government's motion. The Court writes separately here to explain its decision.

---

[1] Defendants separately moved to strike as inflammatory and prejudicial allegations in the Indictment that they made material omissions regarding the FTC judgment (see ECF No. 188, ¶ 2(a)). (ECF Nos. 226, 227.) The Government consented to the motion, but nonetheless seeks introduction of the FTC judgment and evidence pertaining to the FTC proceeding. (ECF No. 229 at 28; ECF No. 239 at 23–24.)

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. District courts have broad discretion to conduct Rule 403 balancing. United States v. Nachamie, 101 F. Supp. 2d 134, 141 (S.D.N.Y. 2000). After reviewing the parties' submissions and hearing oral argument, the Court is convinced that the probative value of evidence of the FTC fraud—either as direct evidence of Mr. Levy's misrepresentations regarding the FTC fraud, or as background evidence of the conspiracy charged here or proof of knowledge or intent—would be substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury.

The introduction of this evidence would lead to a confusing "mini-trial" relating to the FTC fraud that would have some probative value, but a significant risk of unfairly prejudicing Defendants by introducing evidence indicating a propensity to commit fraud, confusing the issues actually alleged in the Indictment, and misleading a jury that will already be tasked with determining the charged conduct of securities fraud, wire fraud, multiple conspiracies to commit securities and wire fraud, and money laundering in the context of a pump and dump scheme involving start-up companies and penny stocks. See United States v. Fama, No. 12 Cr 186 (WFK), 2012 WL 6094135 (E.D.N.Y. Dec. 7, 2012); United States v. Hatfield, 685 F. Supp. 2d 320, 324 (E.D.N.Y. 2010).

In addition, this evidence is not admissible under Rule 404(b) as background to the charged conspiracy because the FTC fraud involved a separate, discrete incident of fraud or deceit that is not inextricably intertwined with the Indictment's charges or necessary to complete the Indictment's story. Hatfield, 685 F. Supp. 2d at 323; see Nachamie, 101 F. Supp. 2d at 142–44. Nor is the evidence of the FTC fraud admissible as proof of Defendants' knowledge, intent,

and absence of mistake in making misrepresentations regarding investments. The conduct in the FTC fraud does not "closely parallel" the conduct charged here, see United States v. Gordon, 987 F.2d 902, 908 (2d Cir. 1993), nor is it sufficiently similar to permit the jury reasonably to draw the knowledge or intent inference advocated by the Government, see United States v. Aminy, 15 F.3d 258, 260 (2d Cir. 1994).

Accordingly, the Government's motion to introduce evidence of the FTC fraud is DENIED.

Dated: New York, New York
February 22, 2013

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge